MICHAEL MEISTER,

        Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

        Defendants.

**ORDER**

On September 22, 2020, Michael Meister ("Meister"), a former federal inmate proceeding pro se, filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. The court grants Meister's applications to proceed in forma pauperis [D.E. 6, 11]. Meister has flooded the court with motions, including for a change of venue [D.E. 2], for summary judgment [D.E. 3], to compel or expedite discovery [D.E. 7, 14, 17, 20], and for "chronological order of defendants' testimony" [D.E. 15, 18]. Meister also moves to amend his complaint [D.E. 12, 19]. As explained below, the court dismisses the action.

I.

A.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a), (b)(1). A frivolous claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a

legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To state a Bivens claim, a plaintiff must plausibly allege that a federal actor violated his constitutional rights. See Bivens, 403 U.S. at 395–97. Additionally, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

As for Meister's motions to amend his complaint, a party may amend a pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with written consent of the opposing party or with leave of court. See Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v.

2

Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962). The court grants the motions. Meister's second amended complaint is the operative complaint in this action. See 2d Am. Compl. [D.E. 19] 1; cf. Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017); Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

In 2011, Meister "was diagnosed . . . with Multiple Myeloma (['JMM[']), . . . . a universally fatal blood cancer for which there is currently no cure." 2d Am. Compl. [D.E. 19] 20. Citing a "[f]ailure of BOP Healthcare Providers to provide [Meister] medical care which meets the standards of care employing proven treatment strategies generally supported by outcome data[,] . . . to assess the needs of specific form of MM specific type[,] . . . [and] to allow [Meister] to enjoy [his] statutorily given, and 8th Constitutional Amendment guarantee of the right to participate in the determination the course of [his] healthcare delivery in a manner that ensures [Meister] the maximal benefit from offered services[,]" Meister challenges numerous aspects of his medical care at the Federal Correctional Complex in Butner, North Carolina ("Butner"), and at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Id. at 11–22, 26–29, 32–36. Specifically, Meister alleges that for a period of time he received no or inadequate pain medication, was unable to obtain a second opinion on his treatment regimen, was treated with inappropriate medications for his specific type of multiple myeloma, failed to receive chemotherapy for five months, and was denied a "triplet chemo regimen[]" which is "the 'gold standard' for MM patients" like him. Id. On May 6, 2020, Meister was released from prison, and a hematologist prescribed the triplet chemotherapy. See id. at 29. "[On] December 28, 2020, [Meister] achieved complete remission with no residual disease." Id.

Meister challenges his "emergency designation" from Butner to FMC Lexington following

3

his request for a second medical opinion. Id. at 18. "Meister was very comfortable at [Butner]. He had a small group of Christian inmates with whom he shared strong bonds . . . . and the thought of leaving this environment caused Meister a lot of stress and anxiety." Id. When Meister discussed his impending transfer with his treating physician at Butner, the physician "legitimately looked in shock and said that it was not appropriate" to transfer Meister. Id. at 17. Meister alleges that Butner administrative staff "exact[ed] a going away blessing for Meister" through defendant Ford, a Butner correctional officer. Id. at 19. Meister alleges that Ford sexually harassed Meister when Ford "aggressively patted down[] [Meister's] genital area" while conducting a pat-down search, did not follow proper procedure in collecting a urine sample, and "took two packages of ranch dressing and several packages of sweet n' low and mustard" from Meister's cell in an "aggressive" cell search. Id. at 18–19.

Finally, Meister alleges that the BOP failed to release him early from his sentence under any of four possible methods: release to a residential re-entry center, "at end of good-time sentence[,]" by denying his application for compassionate release, and upon Meister's completion of the Residential Drug Abuse Program. See id. at 22–25. Meister names as defendants numerous medical staff members at Butner and FMC Lexington, including medical administrative staff; wardens, assistant wardens, and correctional staff at both prisons; a BOP inmate appeals administrator who responded to several of Meister's grievances; and the BOP Mid-Atlantic Regional Director. See id. at 10. Meister seeks tens of millions of dollars in damages. See id. at 45–46.

To state an Eighth Amendment claim for denial of medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see, e.g., Carlson v. Green, 446 U.S. 14, 16 & n.1 (1980); Scinto v. Stansberry, 841 F.3d 219, 225–26 (4th Cir. 2016); Danser v. Stansberry, 772 F.3d

4

340, 346–47 (4th Cir. 2014). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation omitted).

Although "deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837; De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see Makdessi v. Fields, 789 F.3d 126, 133–34 (4th Cir. 2015). "It is not enough that the [prison official] should have recognized" the objectively serious condition, medical need, or risk of harm. Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (emphasis omitted). Rather, a plaintiff must prove "actual knowledge of the risk of harm to the inmate." Iko, 535 F.3d at 241 (emphasis omitted). A prisoner's failure to give advance warning of, or protest exposure to, the risk does not conclusively show that a prison official lacked actual knowledge. See Makdessi, 789 F.3d at 135–36. Instead, "[a] prison official's subjective actual knowledge can be proven through circumstantial evidence." Id. at 133. "[A]n injury might be so obvious that the factfinder could conclude that the guard did know of it because he could not have failed to know of it." Id. (quotation omitted).

Beyond such actual knowledge, the prison official "must also have recognized that his actions were insufficient to mitigate" the objectively serious condition, medical need, or risk of harm. Iko,

5

535 F.3d at 241 (emphasis and quotation omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986); see Wilson v. Seiter, 501 U.S. 294, 298–99 (1991). Deliberate indifference "sets a particularly high bar to recovery." Iko, 535 F.3d at 241.

Meister has not plausibly alleged that any defendant was deliberately indifferent to his medical needs. To the extent Meister believes that his medical condition required earlier or different treatment than that which he received, Meister's dispute simply constitutes a difference of opinion as to the proper course of medical treatment and fails to state a claim under the Eighth Amendment. See, e.g., Jackson v. Lightsey, 775 F.3d 170, 178–79 (4th Cir. 2014); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Thus, the court dismisses Meister's claims relating to his medical care.

As for Meister's Eighth Amendment sexual harassment claim arising from Ford's pat-down search, a correctional officer's sexual assault of an inmate can violate the Eighth Amendment. See, e.g., Kahle v. Leonard, 477 F.3d 544, 553–54 (8th Cir. 2007); Smith v. Cochran, 339 F.3d 1205, 1212–13 (10th Cir. 2003); Daskalea v. District of Columbia, 227 F.3d 433, 440–41 (D.C. Cir. 2000); Schwenk v. Hartford, 204 F.3d 1187, 1196–97 (9th Cir. 2000); Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998); Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993). To be actionable, the alleged sexual contact must be incompatible with "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36 (1993); see Schwenk, 204 F.3d at 1196. Moreover, an inmate's own perception that the alleged contact had a sexual aspect to it, standing alone, is insufficient to state a factually plausible claim for relief. See Berryhill, 137 F.3d at 1076–77.

6

Meister's allegations fail to state a claim for a sexual assault in violation of the Eighth Amendment. Meister acknowledges that the pat-down search was a routine procedure. See 2d Am. Compl. [D.E. 19] 18. Moreover, Meister fails to plausibly allege any facts indicating that Ford's contact had any sexual aspect to it. Thus, the court dismisses the claim.

To the extent Meister challenges his transfer to FMC Lexington, a prisoner has no constitutional right to a specific custody classification, to a transfer, to a non-transfer, or to work release. See, e.g., O'Bar v. Pinion, 953 F.2d 74, 83–85 (4th Cir. 1991). Thus, the court dismisses the claim. To the extent Meister asserts that the BOP should have released him earlier than it did, the Constitution does not create a due process right to be conditionally released before the expiration of a valid sentence. See, e.g., Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Moreover, the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (unpublished) (collecting cases); see DeLuca v. Lariva, 586 F. App'x 239, 240 (7th Cir. 2014) (per curiam) (unpublished); Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012) (unpublished); Meyer v. U.S. Bureau of Prisons, No. 3:17-cv-434-MOC, 2017 WL 3725613, at *5 (W.D.N.C. Aug. 29, 2017) (unpublished). Thus, the court dismisses the claim.

Finally, to the extent Meister believes any defendant took retaliatory action against him for exercising his First Amendment rights, see 2d Am. Compl. [D.E. 19] 17–19, 22, 28, 45, "such an extension of Bivens is not permissible after Ziglar v. Abbasi, 137 S. Ct. 1843 (2017), and Tun-Cos v. Perrotte, 922 F.3d 514 (4th Cir. 2019), cert. denied, 140 S. Ct. 2565 (2020)[.]" Earle v. Shreves, No. 19-6655, 2021 WL 896399, at *1 (4th Cir. Mar. 10, 2021). Thus, the court dismisses any claim asserting a violation of Meister's First Amendment rights.

B.

As for Meister's motion to transfer venue to the United States District Court for the Eastern District of Kentucky [D.E. 2], a district court may transfer a case for the convenience of the parties and witnesses, in the interest of justice, and to any other district where the action might have been brought. See 28 U.S.C. §§ 1404(a), 1406(a). The decision to transfer venue rests within the sound discretion of the district court. See, e.g., Porter v. Groat, 840 F.2d 255, 257–58 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493–95 (E.D.N.C. 2006). The court denies the motion. The court also denies as moot Meister's motions for summary judgment, to compel or expedite discovery, and for defendants' testimony [D.E. 3, 7, 13–15, 17–18, 20].

II.

In sum, the court GRANTS Meister's motions to proceed in forma pauperis and to amend [D.E. 6, 11, 12, 19], but DENIES Meister's remaining motions [D.E. 2–3, 7, 13–15, 17–18, 20], and DISMISSES the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This 31 day of March 2021.

JAMES C. DEVER III
United States District Judge